■  STANLEY S. STEINMANN et al., Respondents, v. ALICE SILVERMAN, Appellant. STANLEY S. STEINMANN et al., Appellants, v. ALICE SILVERMAN, Respondent.— Appeal by defendant from a judgment of the Supreme Court, entered upon a decision at Trial Term in Sullivan County, which enjoined defendant from using as an additional residence a building reconstructed upon her premises, in violation of certain restrictive covenants, and dismissed the first and second counterclaims set forth in her answer; and appeal by plaintiffs from an order of said court which denied their motion to amend said judgment. Plaintiffs and defendant are among the grantees of lots in a development. Each of the considerable number of lots sold (except a small parcel severed from the development as the result of an appropriation for an express highway) was

conveyed subject to covenants, among others, that the premises should be used "only for residential purposes" and "be occupied by a single dwelling house constructed for the use of one family only" and that "only one residence shall be erected on said premises". The parcel acquired by defendant contained a dwelling house and certain small buildings, including a barn or barnlike structure. Defendant remodeled and reconstructed this latter structure by tearing out the interior, constructing an addition and installing a living room, bedroom, bathroom and kitchen "as a place for [her] married son and daughter-in-law and baby to live in." Assuming, as defendant argues, that the covenants were prospective in application, they were violated nevertheless when defendant altered and reconstructed for use as a second residence a building not theretofore (and certainly not at the time of the grant by the development company to defendant) adapted to or used for that purpose. The record adequately supports the conclusion that there existed a common plan, of which defendant had knowledge, for uniform development of the tract, pursuant to which lots were conveyed by deed containing uniform restrictive covenants, thereby establishing a mutuality of covenant and consideration and enabling any grantee to enforce the covenants as against any other. (*Korn* v. *Campbell*, 192 N. Y. 490, 495.) Whether or not the issue is properly in the case, we find no merit in appellant's contention that, absent any specific covenant to the contrary, she could subdivide her property by conveying to her son, free of the covenants, the portion upon which the reconstructed building stood. The cases cited by appellant are from other jurisdictions and we find none of them in point; and, indeed, it is scarcely conceivable that there should exist any respectable authority holding that covenants of this nature may be extinguished by the unilateral action of one owner in disposing of a portion of his lot. The additional contentions urged by appellant are, in our view, also without merit and do not require discussion. The Trial Term properly denied plaintiffs' motion to amend the judgment by adding a requirement that defendant remove all household equipment and appliances from the building in question, this to insure obedience to the interdiction of its use as a residence; but such denial was and is, of course, without prejudice to any appropriate proceedings to enforce the judgment. Judgment affirmed, with costs. Order affirmed, with $10 costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.